IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL CASE: 5:11cv035-RJC

| | |
|---|---|
| ROBERT WAYNE SMITH, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID BAKER, NORTH CAROLINA DEP'T ) | |
| OF CORR. HEALTH SERV. UTILIZATION ) | |
| REVIEW BD. ` , ) | |
| ) | |
|     Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

Plaintiff was diagnosed with Hepatitis C Virus in 2003. He contends that on March 7, 2008, Defendant Baker, a physician's assistant at Alexander Correctional Institution, noted in his medical records that Plaintiff had signs of Hepatitis B Virus as well. Plaintiff states that Defendant Baker did not inform him of the signs of Hepatitis B. Subsequently, on May 28, 2008, Plaintiff had an abdominal ultrasound which he contends confirmed that he had Hepatitis C and B. Again, according to Plaintiff, he was not told of the Hepatitis B. However, concerned about the reaction of the ultrasound technician and her refusal to tell him what she was seeing on the ultrasound, Plaintiff requested and obtained a copy of his medical records, at which point he discovered the Hepatitis B diagnosis. According to Plaintiff, he repeatedly requested that Defendant Baker refer him to the North Carolina Department of Correction (hereinafter "DOC") Health Service Utilization Review Board for treatment of his Hepatitis but that those requests

were ignored.  In July, 2008, Plaintiff had surgery to remove gall stones, which he contends was connected to the hepatitis.  He also asserts that the hepatitis causes him pain.  He claims that Defendant Baker was deliberately indifferent to his serious medical needs and seeks damages from him in his individual capacity.  Plaintiff also seeks an injunction requiring the DOC Health Service Utilization Review Board to authorize treatment for his hepatitis.

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law.  Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights.  See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim).  Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.  The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's claim against the DOC Health Service Utilization Review Board must be dismissed.  The Clerk shall issue summons as to Defendant Baker.

To state a civil rights claim, a plaintiff must have standing.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998) (noting that standing is a threshold jurisdictional issue); see also Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001) (citing Steel Co., 523 U.S. at 102).  The "irreducible constitutional minimum of standing" consists of three elements.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  First, there must be "an 'injury in fact'-an invasion of a legally protected interest" that is both "concrete and particularized" as well as "actual or imminent."  Id. (internal quotation marks and citations omitted).  "Second, there must be a causal connection between the injury and the conduct complained of" such that the injury

can be said "to be fairly traceable" to the defendant's actions. Id. (internal quotation marks and citation omitted). Third, there must be a likelihood "that the injury will be redressed by a favorable decision." Id. at 561 (internal quotation marks and citation omitted).

Here Plaintiff alleges that he suffered and continues to suffer serious health consequences due to non-treatment of his Hepatitis B and C Viruses, which satisfies the first element of standing. See id. at 560. However, Plaintiff cannot meet the second element with respect to his claim against the DOC Health Service Utilization Review Board because he has failed to allege a causal connection between his alleged injuries and any action or inaction on the part of the Board. See id. He, therefore, has failed to establish that he has standing to seek injunctive relief against Defendant DOC Health Service Utilization Review Board, and it shall be dismissed as a defendant in this case.

After careful review of the Plaintiff's Complaint, the undersigned finds that Defendant Baker should file an Answer to Plaintiff's claim that he was deliberately indifferent to Plaintiff's serious medical need (i.e. to be treated for Hepatitis B and C Viruses).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant North Carolina DOC Health Service Utilization Review Board is dismissed and should be removed from the caption of this case;

2. The Clerk shall provide a copy of this Order to the Superintendent of Alexander Correctional Institution;

3. The Superintendent shall within twenty (20) days of the filing of this Order, file a document in this Court stating whether Defendant David Baker remains employed at Alexander Correctional Institution, and providing a forwarding addresses if he is no longer employed at that facility. If Defendant Baker is no longer employed

at Alexander Correctional Institution, the Superintendent shall file the document under seal;

4. The Clerk of Court, upon receipt of the document, shall issue summons for Defendant Baker and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost; and

5. Defendant Baker shall file an Answer to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

Signed: March 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge