# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

## CIVIL CASE: 5:11cv035-RJC

| | |
|---|---|
| ROBERT WAYNE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER and NOTICE** |
| ) | |
| DAVID BAKER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court upon Defendant's Motion To Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 13). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding *pro se*, of his obligation to respond to Defendant's Motion.

When a motion to dismiss is filed simultaneously with an answer, as it was in this case, the motion should be construed as one for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). Nonetheless, a motion for a judgment on the pleadings is decided using the same standard as a motion to dismiss for failure to state a claim made pursuant to Rule 12(b)(6). Id. at 139.

In responding to a motion for judgment on the pleadings, Plaintiff must show that he has made sufficient allegations to support a cause of action which is recognized by law. Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombley, 550 U.S. 544, 555 (2007). In considering Plaintiff's Complaint, the court "'need not accept [his] legal conclusions drawn from the facts,' nor need it "'accept as true

unwarranted inferences, unreasonable conclusions, or arguments.'" Philips v. Pitt County Mem'l Hospital, 572 F.3d 176, 179-80 (4th Cir. 2009) (quoting Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006). Plaintiff is advised that the Court may take judicial notice of matters of public record, and may consider documents attached to the Complaint as well as those attached to the *de facto* Motion for Judgment on the Pleadings, so long as those documents "are integral to the complaint and authentic." Philips, 572 F.3d at 180 (citing Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir. 2006). Plaintiff is further advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Defendant's Motion for Judgment on the Pleadings, such action may result in the conversion of the Motion for Judgment on the Pleadings to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Plaintiff has thirty (30) days from the entry of this Order to file his response to the Motion for Judgment on the Pleadings. Plaintiff's failure to respond may result in granting a judgment on the pleadings for Defendant and dismissal of the Complaint with prejudice.

The Clerk is directed to send copies of this Order and Notice to the parties, including Robert Wayne Smith, DOC No. 0379410, Alexander Correctional Institution, 633 Old Landfill Rd., Taylorsville, NC 28681.

Signed: June 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge