UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11-cv-35-RJC

| | | |
|---|---|---|
| ROBERT WAYNE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID BAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Defendant David Baker's ("Defendant") Motion to Dismiss, (Doc. No. 13). On June 1, 2011, the Court entered an Order advising Plaintiff of Defendant's Motion to Dismiss and directing that he file a response within 30 days. (Doc. No. 16). Within the time allowed, Plaintiff filed two responses, (Doc. Nos. 17; 18), which the Court has considered. Defendant did not file a reply to the responses.

**I.  BACKGROUND**

Plaintiff is an inmate in the custody of the State of North Carolina, housed at the Alexander Correctional Center in Taylorsville, and brings this action under 42 U.S.C. § 1983. In his Complaint, Plaintiff contends that Defendant, a Physician's Assistant at Alexander Correctional Center, was deliberately indifferent to his medical needs by failing to refer Plaintiff for treatment of his alleged Hepatitis condition.[1] Plaintiff seeks compensatory and punitive damages from Defendant in his individual capacity.

Defendant has moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant argues that a mere disagreement as to the course of medical treatment or

---

[1] Plaintiff's claims against the NCDOC Health Service Utilization Review Board were dismissed after initial screening under 28 U.S.C. § 1915A. (Doc. No. 4).

even an allegation that the medical treatment Plaintiff received was negligently rendered does not amount to a claim for deliberate indifference. In his Response, (Doc. No. 17), Plaintiff states "I'm about to die because of Doctor Baker's negligence and deliberate indifference . . . ." (Id. at 2). In his Further Response, (Doc. No. 18), Plaintiff states that he "has Hepatitis C and because he did not under the care of Doctor David C. Baker get treatment he developed Hepatitis B." (Id. at 1).

## II. LEGAL STANDARD

On a motion to dismiss, the Court must accept the factual allegations of the claim as true and construe them in the light most favorable to the non-moving party. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 189 (4th Cir. 2010). In order to survive the motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff therefore must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949).

## III. DISCUSSION

Reading the Complaint in a light most favorable to Plaintiff, Plaintiff appears to allege that Defendant's conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. To state a cause of action under Section 1983 for an Eighth Amendment deprivation, Plaintiff must allege deliberate indifference to a serious medical need, constituting

unnecessary and wanton infliction of pain proscribed by such amendment. Estelle v. Gamble, 429 U.S. 97 (1976). Summary dismissal is appropriate, however, when no viable claim has been stated even though the complaint contains a cogent description of the underlying facts. Id. at 106-09.

An incarcerated patient's disagreement with a doctor's diagnosis and prescribed course of treatment simply cannot amount to deliberate indifference to a serious medical need. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986). At best, Plaintiff has alleged malpractice, with Plaintiff's Response and Further Response reinforcing such determination. Conclusory allegations sounding in malpractice or negligence do not state a federal constitutional claim. Id. (negligent mis-diagnosis of pierced esophagus fails to state claim). See also Estelle v. Gamble, 429 U.S. at 105-06; Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977) (failure to diagnose eye problem states no claim). In sum, for the reasons stated herein, the Court will grant Defendant's Motion to Dismiss.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant David Baker's Motion to Dismiss, (Doc. No. 13), is **GRANTED**.

Signed: March 2, 2012

Robert J. Conrad, Jr.
Chief United States District Judge